J-S02002-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA    :    IN THE SUPERIOR COURT OF
                                       :          PENNSYLVANIA
                                         :
            v.                                :
                                         :
ALEXUS A. BROADWAY                    :
                                         :
         Appellant                  :      No. 185 EDA 2025

Appeal from the Judgment of Sentence Entered November 26, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0001965-2022

BEFORE: NICHOLS, J., MURRAY, J., and BENDER, P.J.E.

MEMORANDUM BY NICHOLS, J.:                 **FILED MAY 13, 2026**

Appellant Alexus Broadway appeals from the judgment of sentence imposed after she pled guilty to aggravated assault, criminal conspiracy, and carrying a firearm without a license.[1] Appellant challenges the discretionary aspects of her sentence. After careful review, we affirm.

The trial court set forth the facts of the case as follows:

On July 29, 2021, Philadelphia Police responded to a shooting outside the Prima Mini Mart at 56th and Walnut Streets in Philadelphia. Officers found the victim, Jahad Kershaw shot at the scene. He had been shot in the leg during a drive by shooting. Officers recovered four .40 caliber fired cartridge casings (FCCs), three 9mm FCCs, two bullet projectiles, one bullet fragment, and noted multiple bullet holes in the driver side door of Kershaw's vehicle.

_____

[1] 18 Pa.C.S. §§ 2702(a)(1), 903, and 6106 (a)(1), respectively.

Shortly after, a car crash occurred at 60th and Market Streets—about six blocks away—involving a gray Chevy Malibu occupied by four individuals who fled the scene. Police found more FCCs outside the Malibu and observed bullet holes on the passenger side door of that vehicle.

A search warrant revealed more FCCs and a bag of ammunition inside the Malibu. Surveillance footage showed the Malibu circling the Mini Mart twice before pulling up alongside Kershaw's vehicle. The occupants opened fire, prompting the victim to escape through the passenger side. Video from the crash scene helped identify three of the four suspects, including Appellant. Appellant did not have a valid permit to carry a firearm at the time.

Trial Ct. Op., 8/29/25, at 2 (some formatting altered and citations omitted).

On August 9, 2024, Appellant pled guilty to the above-stated offenses pursuant to an open plea agreement.[2] On November 26, 2024, the trial court sentenced Appellant to eleven and one half to twenty-three months incarceration for aggravated assault and seven years of probation for conspiracy. No further penalty was imposed for carrying a firearm without a license.[3]

Appellant filed motion for reconsideration of sentence, which the trial court denied on December 15, 2024. Appellant timely appealed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issue on appeal:

_____

[2] Appellant is not precluded from raising a discretionary sentencing claim after entering an open guilty plea. *See Commonwealth v. Dalberto*, 648 A.2d 16, 20 (Pa. Super. 1994).

[3] Appellant agreed to waive time served in order to obtain a county sentence. *See* Trial Ct. Op., 8/29/25, at 1-2; *see also* N.T., 11/26/24, at 22.

Whether the lower court erred and abused its discretion in sentencing [Appellant] in that it failed to properly consider all of the sentencing factors of 42 Pa.C.S. § 9721(b) or any mitigating evidence when it imposed the sentence in question?

*See* Appellant's Brief at 7-8, 15-19 (some formatting altered).

Appellant's claim implicates the discretionary aspects of her sentence. *See Commonwealth v. Riggs*, 63 A.3d 780, 786 (Pa. Super. 2012) (treating a claim that the trial court failed to consider the factors under 42 Pa.C.S. § 9721(b)(1) as a discretionary sentencing claim).

"[C]hallenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Derry*, 150 A.3d 987, 991 (Pa. Super. 2016) (citations omitted). Before reaching the merits of such claims, we must determine:

(1) whether the appeal is timely; (2) whether Appellant preserved his issues; (3) whether Appellant's brief includes a [Pa.R.A.P. 2119(f)] concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is inappropriate under the sentencing code.

*Commonwealth v. Corley*, 31 A.3d 293, 296 (Pa. Super. 2011) (citations omitted).

"To preserve an attack on the discretionary aspects of sentence, an appellant must raise his issues at sentencing or in a post-sentence motion. Issues not presented to the sentencing court are waived and cannot be raised for the first time on appeal." *Commonwealth v. Malovich*, 903 A.2d 1247, 1251 (Pa. Super. 2006) (citations omitted); *see also* Pa.R.A.P. 302(a)

- 3 -

(stating that "[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal").

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." *Commonwealth v. Battles*, 169 A.3d 1086, 1090 (Pa. Super. 2017) (citation omitted). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Grays*, 167 A.3d 793, 816 (Pa. Super. 2017) (citation omitted).

Here, the record reflects that Appellant preserved this issue by raising it in her post-sentence motion, filing a timely notice of appeal and a court-ordered Rule 1925(b) statement, and including a Rule 2119(f) statement in her brief. *See Corley*, 31 A.3d at 296. Further, Appellant's claim raises a substantial question for our review. *See Riggs*, 63 A.3d at 786 (stating that a claim "that the trial court failed to consider relevant sentencing criteria, including the protection of the public, the gravity of the underlying offense and the rehabilitative needs of Appellant, as 42 Pa.C.S. § 9721(b) requires," presents a substantial question) (formatting altered). Therefore, we will review Appellant's claim.

Our well-settled standard of review is as follows:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal

absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

Additionally, our review of the discretionary aspects of a sentence is confined by the statutory mandates of 42 Pa.C.S. § 9781(c) and (d). Subsection 9781(c) provides:

> The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:
>
> > (1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;
> >
> > (2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or
> >
> > (3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.
>
> In all other cases the appellate court shall affirm the sentence imposed by the sentencing court.

42 Pa.C.S. § 9781(c).

In reviewing the record, we consider:

> (1) The nature and circumstances of the offense and the history and characteristics of the defendant.
>
> (2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation [(PSI)].
>
> (3) The findings upon which the sentence was based.
>
> (4) The guidelines promulgated by the commission.

42 Pa.C.S. § 9781(d).

*Raven*, 97 A.3d at 1253-54 (citation omitted).

"When imposing a sentence, the sentencing court must consider the factors set out in 42 Pa.C.S. § 9721(b), [including] the protection of the public, [the] gravity of offense in relation to impact on [the] victim and community, and [the] rehabilitative needs of the defendant." *Commonwealth v. Fullin*, 892 A.2d 843, 847 (Pa. Super. 2006) (citation omitted and formatting altered). "A sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender." *Commonwealth v. Schutzues*, 54 A.3d 86, 99 (Pa. Super. 2012) (citations omitted).

Additionally, the trial court "must consider the sentencing guidelines." *Fullin*, 892 A.2d at 848 (citation omitted). However, "where the trial court is informed by a PSI [report], it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." *Commonwealth v. Edwards*, 194 A.3d 625, 638 (Pa. Super. 2018) (citation omitted and formatting altered).

The balancing of the sentencing factors is the sole province of the sentencing court, which has the opportunity to observe the defendant and all witnesses firsthand. *See Commonwealth v. Kurtz*, 294 A.3d 509, 536 (Pa. Super. 2023), *appeal granted on other grounds*, 306 A.3d 1287 (Pa. 2023). In conducting appellate review, this Court "cannot reweigh sentencing factors

and impose judgment in place of sentencing court where lower court was fully

aware of all mitigating factors." *Id.* (citation omitted).

In the instant case, the trial court explained:

Prior to imposing sentence, the court reviewed the trial/guilty-plea record, pre-sentence investigation (PSI), mental health evaluation and sentencing guidelines.

Appellant's prior record score (PRS) was 0, and the offense gravity score (OGS) was 11. The recommended guideline range was 54-72 months +/- 12 months. In fashioning its sentence, the court considered as mitigation the fact that Appellant played a minor role in the conspiracy, demonstrated remorse and accepted responsibility. The court also considered the Appellant's allocation, witnesses who testified on behalf of Appellant, arguments made by counsel for Appellant and information contained within the PSI which revealed that Appellant had a traumatic childhood. Her father was abusive and addicted to drugs. Appellant graduated from high school in 2013 and subsequently enlisted in the Army and Army Reserves where she served from 2013 through 2020. Appellant found her father dead in the apartment they shared in 2021. This led to Appellant using and abusing drugs such as marijuana, cocaine, PCP and Xanax. She had no reported history of drug use prior to her father's death. Appellant was also diagnosed with depression, anxiety and PTSD. Prior to this case, Appellant was employed and had no prior contacts with the justice system.

The court also considered the arguments by counsel for the Commonwealth and a video of the incident played at Appellant's sentencing hearing. The court considered aggravating factors including the heinous nature of the crimes and its impact on the victim and community.

In sum, this court considered the sentencing guidelines and balanced all relevant statutory factors—the need for the safety and protection of the public and community, the impact of the crime upon the victim, Appellant's background, rehabilitative and therapeutic needs, and her amenability to rehabilitation. Appellant presented significant mitigating evidence. However, she also participated in a drive-by shooting that seriously injured the victim. In light of these considerations, the court's sentence

was neither excessive nor unreasonable and the court did not abuse its discretion when fashioning Appellant's sentence.

Trial Ct. Op., 8/29/25, at 5-6 (citations omitted and some formatting altered).

After a careful review of the record, the parties' briefs, and the relevant law, we discern no abuse of discretion by the trial court. *See Kurtz*, 294 A.3d at 536. The record reflects that the trial court fashioned an individualized sentence after considering all the required statutory factors. *See* N.T., 11/26/24, at 4-26; *Kurtz*, 294 A.3d at 536; *Commonwealth v. Bricker*, 41 A.3d 872, 876 (Pa. Super. 2012). Accordingly, we affirm Appellant's judgment of sentence. *See Kurtz*, 294 A.3d at 536; *Bricker*, 41 A.3d at 876.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/13/2026